UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:21-cv-00717-JRS-DML |
| | ) |
| THE KROGER COMPANY, | ) |
| ACCELLION USA, LLC., | ) |
| | ) |
| Defendants. | ) |

**Order Dismissing Case**

James Martin has continually failed to ensure the Court of its jurisdiction over this matter. (*See* April 5, 2021 Entry, ECF No. 6 at 2 (granting Martin leave to amend his complaint to properly allege his citizenship); May 11, 2021 Entry, ECF No. 12 at 2 (granting Martin leave to amend his amended complaint to properly allege Defendant Accellion USA, LLC's ("Accellion") citizenship); June 28, 2021 Order, ECF No. 16 at 3 (granting Martin leave to amend his second amended complaint to properly allege Accellion's citizenship).) After Martin last failed to allege Accellion's citizenship, the Court granted him leave to amend his complaint to properly allege Accellion's citizenship or voluntarily dismiss Accellion from this suit to ensure the Court of its subject-matter jurisdiction. (ECF No. 16 at 3.)

In response, Martin timely moved to dismiss Accellion from this suit. (ECF No. 17.) However, a week later, Martin moved for leave to file a third amended complaint to add Accellion as a defendant in this matter. (ECF No. 20.) Martin's motion to dismiss Accellion (ECF No. 17) is therefore dismissed as withdrawn. Martin attached

1

to his motion for leave to amend a proposed third amended complaint. (*See* ECF No. 20-1.) Martin has also filed several other motions. (*See* ECF No. 18 (motion for appointment of counsel); ECF No. 19 (request for production);[1] ECF No. 21 (request for docket sheet); ECF No. 22 (motion to separate case); ECF No. 23 (motion for appointment of counsel).)

"[A] federal court always has a responsibility to ensure that it has jurisdiction[.]" *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Martin invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332, which requires diversity of citizenship among the parties and that the amount in controversy exceeds "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332. "The citizenship for diversity purposes of a limited liability company, . . . despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." *Wise v. Wachovia Secs., LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (collecting cases) (internal citations omitted). Martin must therefore allege the citizenship of *each* of Accellion's members to assure the Court of its subject-matter jurisdiction. *See Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("Section 1332 requires complete diversity: no plaintiff may be a citizen of the same state as any defendant.").

Martin has again failed to allege Accellion's citizenship properly. In his proposed third amended complaint, Martin alleges that Accellion is a "Washington limited

---

[1] The Court notes that Martin's request for production was inappropriately filed with the Court. *See* S.D. Ind. L.R. 26-2 ("Discovery materials (whether discovery request, responses, or deposition transcripts) may not be filed with the Court . . . .").

liability company, with its main office located at 1804 Embarcadero Rd, Ste 200, Palo Alto, California 94303." (ECF No. 20-1 at 5.) Rather than listing the citizenship of Accellion's members, he merely lists the names of different members of its "Executive Team." (*Id.* at 6.) In short, he still fails to provide any information concerning the citizenship of each of Accellion's members. *See Altom Transp.*, 823 F.3d at 420.

The Court made clear to Martin that he must either properly allege Accellion's citizenship by alleging the citizenship of *each* of Accellion's members or voluntarily dismiss Accellion from this suit to assure the Court of its subject-matter jurisdiction. (ECF No. 16 at 3.) Furthermore, the Court warned Martin that failing to correct his pleading deficiency would result in a dismissal of the case for lack of subject-matter jurisdiction. (*Id.* ("Martin likely will not be given a fourth opportunity to properly allege diversity jurisdiction under 28 U.S.C. § 1332.").) Accordingly, Martin's motion for leave to file a third amended complaint, (ECF No. 20), must be denied and the case dismissed for lack of subject-matter jurisdiction. In light of this being Martin's third failed attempt to allege citizenship, and further in light of his moving to dismiss Accellion and then withdrawing that motion, leave is not granted to amend. *See Liebhart v. SPX Corp.*, 917 F.3d 952, 964 (7th Cir. 2019) ("[A] district court [should] allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend."). This is not to say, that Martin might not be able to refile the case with a proper allegation of jurisdiction in the future.

3

For the above reasons, this case is **dismissed without prejudice** for lack of subject-matter jurisdiction. Martin's motion to dismiss Accellion (ECF No. 17) is **dismissed as withdrawn**. Martin's motion for leave to file a third amended complaint (ECF No. 20) is **denied**. Martin's request that the Court send him a copy the docket in this case (ECF No. 21) is **granted**. The Clerk is **directed** to send Plaintiff a copy of the public docket sheet, Case No. 1:21-cv-717-JRS-DML. Martin's remaining motions (ECF Nos. 18, 19, 22, 23) are **dismissed as moot**.

Judgment will issue under separate order.

**SO ORDERED.**

Date: 8/5/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana


Distribution:

JAMES MARTIN
735 1/2 Center Street
Shelbyville, IN 46176

4